

REED SMITH LLP
David A. Kochman
Evan K. Farber
599 Lexington Avenue
New York, NY 10022
(212) 521-5400 (P)
(212) 521-5450 (F)

12 CV   6836

*Attorneys for Plaintiffs*
*Long Side Ventures, LLC*
*and Sunny Isles Ventures, LLC*

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LONG SIDE VENTURES, LLC and SUNNY ISLES VENTURES, LLC, | |
| Plaintiffs, | Case No. _____ |
| - v - | **COMPLAINT** |
| ADARNA ENERGY CORPORATION f/k/a ECOSYSTEM CORPORATION, GREENSHIFT CORPORATION, and MINORITY INTEREST FUND (II), LLC, | |
| Defendants. | |



Plaintiffs Long Side Ventures, LLC ("LSV") and Sunny Isles Ventures, LLC ("SIV") (collectively, "Plaintiffs"), by their attorneys, Reed Smith LLP, for their Complaint, hereby alleges as follows:

**<u>INTRODUCTION</u>**

1.    This action is brought by Plaintiffs to recover outstanding and past-due debt in an amount not less than $1,000,000 that is owed to Plaintiffs by defendants Adarna Energy Corporation f/k/a Ecosystem Corporation ("Ecosystem"), Greenshift Corporation ("Greenshift"), and Minority Interest Fund (II), LLC ("MIF").

2.      Plaintiffs own several convertible debentures issued by Greenshift and Ecosystem.  Debentures are securities which, typically and in this case, permit the holder a choice of either collecting repayment of the principal with interest, like a bond, or converting the outstanding debt into stock of the issuing company.  Pursuant to the terms of each of the debentures at issue here, Plaintiffs were entitled to recover the principle amount of each debenture, along with a contractual rate of interest, by each debenture's maturity date. Alternatively, since each debenture is "convertible," Plaintiffs, at their election, were entitled to convert the outstanding debt, "in whole or in part at any time and from time to time," subject to certain restrictions, into common stock of the issuing corporation.  See, e.g., Amended and Restated Convertible Debenture (Ex. A).

3.      Each convertible debenture at issue in this Complaint (collectively, the "Debentures") already has matured, and payment in full is past due.  However, Defendants have failed to repay the debts owed to Plaintiffs, and at various times have refused to convert the Debentures into common stock, in direct contravention of the terms of the Debentures.

## JURISDICTION AND VENUE

4.      This Court has federal diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiffs and Defendants are of diverse citizenship and the matter in controversy, exclusive of interest and costs, exceeds $75,000.

5.      Venue is proper in this federal judicial district because a substantial part of the events or omissions giving rise to the claims occurred in this district and Defendants and are subject to personal jurisdiction in this district.

6.      This Court has personal jurisdiction over all Defendants in this action for, among other reasons, the reasons set forth in ¶¶ 9-11, infra, and because, inter alia:  (i) all Defendants transact, or have transacted during the relevant time period, business in this state; (ii) all

2

Defendants solicit, or have solicited during the relevant time period, business in this state; (iii) all Defendants derive, or have derived during the relevant time period, substantial revenue from services rendered in this state; and (iv) certain of the securities at issue in this case provide that jurisdiction and venue are proper in the federal courts located in the state of New York.

<u>**PARTIES**</u>

7.      Plaintiff LSV is a Florida limited liability corporation whose principle place of business is located in Florida.  The sole member of LSV is Ben Kaplan, a United States citizen and resident of Florida.

8.      Plaintiff SIV is a Florida limited liability corporation whose principle place of business is located in Florida.  The sole member of SIV is Robert Grinberg, a United States citizen and resident of Florida.

9.      Upon information and belief, Defendant Ecosystem is a Delaware corporation whose principle place of business is located in Georgia.  During the relevant time period and continuing until at least April, 2010, Greenshift maintained an office in New York, New York, from which it regularly transacted business, solicited business, and derived substantial revenue from services rendered in this state.  Each Ecosystem security at issue in this case provides that all notices or other communications to Ecosystem should be directed to Ecosystem's offices in New York, New York.

10.      Upon information and belief, Defendant Greenshift is a Delaware corporation whose principle place of business is located in Georgia.  During the relevant time period and continuing until at least November, 2010, Greenshift maintained its corporate headquarters in New York, New York, from which it regularly transacted business, solicited business, and derived substantial revenue from services rendered in this state.  Each Greenshift security at

issue in this case provides that all notices or other communications to Greenshift should be directed to Greenshift's headquarters in New York, New York.

11.     Upon information and belief, Defendant Minority Interest Fund (II), LLC is a Delaware limited liability corporation whose principle place of business in New Jersey. Upon information and belief, the sole member of MIF is Lawrence Kreisler, who is a resident of New Jersey. The obligations that Plaintiffs seek to enforce against MIF relate to securities in Ecosystem and Greenshift, which were both located in New York during the relevant time period. Moreover, Plaintiffs wired money to MIF to acquire these securities through the discount window of the Federal Reserve Bank of New York, and MIF negotiated at least one of the two transactions at issue in this Complaint through its counsel in New York. <u>See</u> ¶¶ 35-37, <u>infra</u>.

## FACTS

12.     At its core, this case seeks to enforce fairly straightforward instances of non-performance. Plaintiffs are owed money on several Debentures that were issued by Ecosystem or Greenshift, which Plaintiffs (or their predecessors in interest) either purchased from Greenshift or Ecosystem directly, or purchased from MIF. Each Debenture is now past due. The tables below summarize the debt owed to Plaintiffs on outstanding debentures at issue in this case. These facts are also pled in greater detail at ¶¶ 14-34, <u>infra</u>.

The Ecosystem Debentures

| Debenture Name Effective Date | Holder | Original Principle | Principle Converted | Principle Remaining | Contractual Interest Rate |
|---|---|---|---|---|---|
| ESYM – MIF001 January 1, 2008 | LSV | $50,000 | $17,250 | $32,250 | 20% |
| ESYR – MIF004 May 29, 2009 | LSV | $50,000 | $30,000 | $20,000 | 5% |
| ESYR – MIF 007A December 31, 2009 | LSV | $32,500 | $22,433 | $10,067 | 20% |

<u>The Greenshift Debentures</u>

| Debenture Name Effective Date | Holder | Original Principle | Principle Converted | Principle Remaining | Contractual Interest Rate |
|---|---|---|---|---|---|
| No. 2009 – SIV 004 January 1, 2008 | SIV | $250,000 | $104,095.85 | $145,904.15 | 12% |
| GERS – JK 001 May 29, 2009 | LSV | $50,000 | $843.36 | $49,156.64 | 5% |
| GERS – MIF 009A October 31, 2009 | LSV | $32,500 | $31,000 | $1,250 | 20% |

13.    In addition to the debt owed to Plaintiffs on outstanding debentures, SIV is owed convertible debentures from MIF (i) in the amount of $250,000 pursuant to a June 12, 2009 Debt Purchase Agreement (the "Debt Purchase Agreement") between SIV and MIF; and (ii) in the amount of $257,500 pursuant to an April 15, 2010 Assignment Agreement (the "Assignment Agreement") between SIV and MIF. See ¶¶ 32-37, infra. Despite demand, MIF wrongfully has failed to provide SIV with the convertible debentures it is owed.

I.    **The Ecosystem Debentures**

A.    **ESYM – MIF001**

14.    Debenture ESYM – MIF001 was issued by Defendant Ecosystem. It was acquired by Defendant MIF on or about October 1, 2008, and sold by Defendant MIF to Plaintiff SIV's predecessor-in-interest, RAKJ Holdings, Inc. ("RAKJ"), pursuant to a May 6, 2009 Debt Purchase Agreement between MIF and RAKJ. See Amended and Restated Convertible Debenture (Ex. A). It was then assigned from RAKJ to Plaintiff SIV.

15.    Debenture ESYM – MIF001 was issued in the original principle amount of $50,000, with interest accruing at an annual rate of 20 percent. Id. Debenture ESYM – MIF001

has an effective date of January 1, 2008 and matured on December 31, 2010. Id.  To date, Plaintiff LSV has converted $17,250 of the original principle amount of Debenture ESYM – MIF001 into common stock of Defendant Ecosystem.  Accordingly, $32,250 of the original principle amount of Debenture ESYM – MIF001, plus interest, is currently past due.

16.    Despite due demand, Defendant Ecosystem has refused to pay Plaintiff LSV the amount owed on Debenture ESYM – MIF001.

**B.    ESYR – MIF004**

17.    Debenture ESYR – MIF004 was issued by Defendant Ecosystem.  It was acquired by Defendant MIF on or about June 30, 2009, and sold by Defendant MIF to Plaintiff SIV pursuant to an April 15, 2010 Assignment Agreement between Defendant MIF and Plaintiff SIV (the "Assignment Agreement").  See Convertible Debenture (Ex. B).  Plaintiff SIV's rights in Debenture ESYR – MIF004 were subsequently assigned to Plaintiff LSV.

18.    Debenture ESYR – MIF004 was issued in the original principle amount of $50,000, with interest accruing at an annual rate of 5 percent.  Id.  Debenture ESYR – MIF004 has an effective date of May 29, 2009 and matured on December 31, 2011.  Id.  To date, Plaintiff LSV has converted $30,000 of the original principle amount of Debenture ESYR – MIF004 into common stock of Defendant Ecosystem.  Accordingly, $20,000 of the original principle amount of Debenture ESYR – MIF004, plus interest, is currently past due.

19.    Despite due demand, Defendant Ecosystem has refused to pay Plaintiff LSV the amount owed on Debenture ESYR – MIF004.

**C.    ESYR – MIF 007A**

20.    Debenture ESYR – MIF 007A was issued by Defendant Ecosystem.  It was purchased by Plaintiff LSV on July 14, 2010.  See Amended and Restated Convertible Debenture (Ex. C).

21.     Debenture ESYR – MIF 007A was issued in the original principle amount of $32,500, with interest accruing at an annual rate of 20 percent.  Id.  Debenture ESYR – MIF 007A has an effective date of December 31, 2009 and mature on December 31, 2010.  Id.  To date, Plaintiff LSV has converted $22,433 of the original principle amount of Debenture ESYR – MIF 007A into common stock of Defendant Ecosystem.  Accordingly, $10,067 of the original principle amount of Debenture ESYR – MIF 007A, plus interest, is currently past due.

22.     Despite due demand, Defendant Ecosystem has refused to pay Plaintiff LSV the amount owed on Debenture ESYR – MIF 007A.

## II.     The Greenshift Debentures

### A.     No. 2009 – SIV004

23.     Debenture No. 2009 – SIV004 was issued by Defendant Greenshift.  It was originally purchased by Defendant MIF on or about January 1, 2008, and was subsequently sold by Defendant MIF to Plaintiff SIV pursuant to a June 12, 2009 Debt Purchase Agreement between Defendant MIF and Plaintiff SIV.  See Amended and Restated Convertible Debenture (Ex. D).

24.     Debenture No. 2009 – SIV004 was issued in the original principle amount of $250,000, with interest accruing at an annual rate of 12 percent.  Id.  Debenture No. 2009 – SIV004 has an effective date of January 1, 2008 and matured on December 31, 2010.  Id.  To date, Plaintiff SIV has converted $104,095.85 of the original principle amount of Debenture No. 2009 – SIV004 into common stock of Defendant Greenshift.  Accordingly, $145,904.15 of the original principle amount of Debenture No. 2009 – SIV004, plus interest, is currently past due.

25.     Despite due demand, Defendant Greenshift has refused to pay Plaintiff SIV the amount owed on Debenture No. 2009 – SIV004.

**B.     GERS – JK 001**

26.     Debenture GERS – JK 001 was issued by Defendant Greenshift.  It was acquired by Defendant MIF on or about May 29, 2009, and sold by Defendant MIF to Plaintiff SIV pursuant to the April 15, 2010 Assignment Agreement between Defendant MIF and Plaintiff SIV.  See Convertible Debenture (Ex. E).  Plaintiff SIV's rights in Debenture GERS – JK 001 were subsequently assigned to Plaintiff LSV.

27.     Debenture GERS – JK 001 was issued in the original principle amount of $50,000, with interest accruing at an annual rate of 5 percent.  Id.  Debenture GERS – JK 001 has an effective date of May 29, 2009 and matured on December 31, 2011.  Id.  To date, Plaintiff LSV has converted $843.36 of the original principle amount of Debenture GERS – JK 001 into common stock of Defendant Greenshift.   Accordingly, $49,156.64 of the original principle amount of Debenture GERS – JK 001, plus interest, is currently past due.

28.     Despite due demand, Defendant Greenshift has refused to pay Plaintiff LSV the amount owed on Debenture GERS – JK 001.

**C.     GERS – MIF 009A**

29.     Debenture GERS – MIF 009A was issued by Defendant Greenshift.   It was purchased by Plaintiff LSV on July 14, 2010.  See Amended and Restated Convertible Debenture (Ex. F).

30.     Debenture GERS – MIF 009A was issued in the original principle amount of $32,500, with interest accruing at an annual rate of 20 percent.  Id.  Debenture GERS – MIF 009A has an effective date of October 31, 2009 and matured on December 31, 2010.  Id.  To date, Plaintiff LSV has converted $31,000 of the original principle amount of Debenture GERS – MIF 009A into common stock of Defendant Greenshift.   Accordingly, $1,250 of the original principle amount of Debenture GERS – MIF 009A, plus interest, is currently past due.

31.     Despite due demand, Defendant Greenshift has refused to pay Plaintiff LSV the amount owed on Debenture GERS – MIF 009A.

### III.     The June 12, 2009 Debt Purchase Agreement

32.     On June 12, 2009, Plaintiff SIV and Defendant MIF entered into the Debt Purchase Agreement.  Debt Purchase Agreement (Ex. G).  Pursuant to that agreement, Plaintiff SIV would provide Defendant MIF with up to four cash payments of $125,000 each, for a total of up to $500,000.  Id. at § 1.2.  In exchange for each cash payment, Defendant MIF would convey $250,000 of Greenshift convertible debentures, for a total of up to $1,000,000 of Greenshift convertible debentures.  Id.  The first two payments by Plaintiff SIV were non-discretionary; the third and fourth payments could be made at Plaintiff SIV's "sole discretion." Id.  The Debt Purchase Agreement provided that the Greenshift convertible debentures that Defendant MIF was to convey to Plaintiff SIV would consist of vintages issued on January 1, 2008 or May 1, 2008.  Id. at § 1.1.  The convertible debentures included in these vintages specified a number of terms, including interest at a rate of 12% and 20%, respectively.

33.     Plaintiff SIV wired the first $125,000 payment to Defendant MIF on June 17, 2009.  In return, pursuant to the terms of the Debt Purchase Agreement, Defendant MIF assigned a $250,000 convertible debenture in Greenshift, Debenture No. 2009 – SIV004 (see ¶¶ 23-25, supra), to Plaintiff SIV.

34.     Plaintiff SIV wired the second $125,000 payment to Defendant MIF on July 9, 2009.  To date, Defendant MIF has not assigned or otherwise conveyed to Plaintiff SIV the corresponding $250,000 convertible debenture in Greenshift that it owes Plaintiff SIV pursuant to the terms of the Debt Purchase Agreement, or provided any other consideration to Plaintiff SIV, in exchange for Plaintiff SIV's second payment of $125,000.  Accordingly, Plaintiff SIV is

entitled to recover $250,000 in damages, plus interest, for Defendant MIF's breach of the Debt Purchase Agreement.

**IV.    The April 15, 2010 Assignment Agreement**

35.    On April 15, 2010, Plaintiff SIV and Defendant MIF entered into the Assignment Agreement.  Assignment Agreement (Ex. H).  Pursuant to that agreement, Plaintiff SIV advanced a sum of $300,000 to Defendant MIF, and, in return, Defendant MIF agreed to assign to Plaintiff SIV:

(a)    a $50,000 portion of Debenture ESYR – MIF004 (see ¶¶ 17-19, supra);

(b)    a $50,000 portion of Debenture GERS – JK 001 (see ¶¶ 26-28, supra); and

(c)    "up to FIVE (5) additional FIFTY THOUSAND DOLLAR ($50,000) convertible debentures with an aggregate face value of TWO HUNDRED AND FIFTY SEVEN THOUSAND FIVE HUNDRED DOLLARS ($257,500) . . . within no more than TEN (10) days of each subsequent request" (the "Additional Debentures").  Id. at 1-2.  These debentures must be issued by Defendant Ecosystem or Defendant Greenshift, must "hav[e] a minimum conversion rate of FIFTY PERCENT (50%)," and must have "a form substantially similar to the form of Debenture attached [to the Assignment Agreement] as Exhibit A."  Id. at 1.

36.    Plaintiff SIV's rights under the April 15, 2010 Assignment Agreement were subsequently assigned to Plaintiff LSV.

37.    Under § 1.1(c) of the Assignment Agreement, the five Additional Debentures must be assigned to LSV "within no more than TEN (10) days of each . . . request."  Ex. D at § 1.1(c).  Although Plaintiffs have properly served demand on Defendant MIF, Defendant MIF has not assigned any convertible debentures to Plaintiff LSV in response to these demands.

Accordingly, Plaintiff LSV is entitled to recover the $257,500 in damages, plus interest, under the Assignment Agreement.

## CLAIMS

### First Claim for Relief: Breach of Contract
### as to Debenture ESYM – MIF001 by Defendant Ecosystem

38.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 37 above as if fully set forth herein.

39.     Debenture ESYM – MIF001 is a valid contract between Plaintiff SIV and Defendant Ecosystem.

40.     Plaintiff SIV has performed its duties under the contract.

41.     Defendant Ecosystem has failed to perform its obligations under Debenture ESYM – MIF001 by, inter alia, failing to pay Plaintiff SIV amounts due thereunder.

42.     Accordingly, Plaintiff SIV is entitled to recover damages from Defendant Ecosystem for breach of contract in an amount not less than $32,250, plus contractual and/or statutory interest and costs.

### Second Claim for Relief: Breach of Contract
### as to Debenture ESYM – MIF004 by Defendant Ecosystem

43.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 42 above as if fully set forth herein.

44.     Debenture ESYM – MIF004 is a valid contract between Plaintiff LSV and Defendant Ecosystem.

45.     Plaintiffs have performed their duties under the contract.

46.     Defendant Ecosystem has failed to perform its obligations under Debenture ESYM – MIF004 by, inter alia, failing to pay Plaintiff LSV amounts due thereunder.

47.     Accordingly, Plaintiff LSV is entitled to recover damages from Defendant Ecosystem for breach of contract in an amount not less than $20,000, plus contractual and/or statutory interest and costs.

### Third Claim for Relief: Breach of Contract
### as to Debenture ESYM – MIF 007A by Defendant Ecosystem

48.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 47 above as if fully set forth herein.

49.     Debenture ESYM – MIF 007A is a valid contract between Plaintiff LSV and Defendant Ecosystem.

50.     Plaintiff LSV has performed its duties under the contract.

51.     Defendant Ecosystem has failed to perform its obligations under Debenture ESYM – MIF 007A by, inter alia, failing to pay Plaintiff LSV amounts due thereunder.

52.     Accordingly, Plaintiff LSV is entitled to recover damages from Defendant Ecosystem for breach of contract in an amount not less than $10,067, plus contractual and/or statutory interest and costs.

### Fourth Claim for Relief: Breach of Contract
### as to Debenture No. 2009 – SIV004 by Defendant Greenshift

53.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 52 above as if fully set forth herein.

54.     Debenture No. 2009 – SIV004 is a valid contract between Plaintiff SIV and Defendant Greenshift.

55.     Plaintiff SIV has performed its duties under the contract.

56.     Defendant Greenshift has failed to perform its obligations under Debenture No. 2009 – SIV004 by, inter alia, failing to pay Plaintiff SIV amounts due thereunder.

57.     Accordingly, Plaintiff SIV is entitled to recover damages from Defendant Greenshift for breach of contract in an amount not less than $145,904.15, plus contractual and/or statutory interest and costs.

### Fifth Claim for Relief: Breach of Contract
### as to Debenture GERS – JK 001 by Defendant Greenshift

58.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 57 above as if fully set forth herein.

59.     Debenture GERS – JK 001 is a valid contract between Plaintiff LSV and Defendant Greenshift.

60.     Plaintiffs have performed their duties under the contract.

61.     Defendant Greenshift has failed to perform its obligations under Debenture GERS – JK 001 by, inter alia, failing to pay Plaintiff LSV amounts due thereunder.

62.     Accordingly, Plaintiff LSV is entitled to recover damages from Defendant Greenshift for breach of contract in an amount not less than $49,156.64, plus contractual and/or statutory interest and costs.

### Sixth Claim for Relief: Breach of Contract
### as to Debenture GERS – MIF 009A by Defendant Greenshift

63.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 62 above as if fully set forth herein.

64.     Debenture GERS – MIF 009A is a valid contract between Plaintiff LSV and Defendant Greenshift.

65.     Plaintiff LSV has performed its duties under the contract.

66.     Defendant Greenshift has failed to perform its obligations under Debenture GERS – MIF 009A by, inter alia, failing to pay Plaintiff LSV amounts due thereunder.

67.     Accordingly, Plaintiff LSV is entitled to recover damages from Defendant Greenshift for breach of contract in an amount not less than $1,250, plus contractual and/or statutory interest and costs.

### Seventh Claim for Relief: Breach of Contract
### as to the Debt Purchase Agreement by Defendant MIF

68.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 67 above as if fully set forth herein.

69.     The June 12, 2009 Debt Purchase Agreement is a valid contract between Plaintiff SIV and Defendant MIF.

70.     Plaintiff SIV has performed its duties under the contract.

71.     Defendant MIF has failed to perform its obligations under the June 12, 2009 Debt Purchase Agreement by, inter alia, failing to assign a $250,000 convertible debenture in Greenshift to Plaintiff SIV as consideration for Plaintiff SIV's second payment of $125,000.

72.     Accordingly, Plaintiff SIV is entitled to recover damages from Defendant MIF for breach of contract in an amount not less than $250,000, plus contractual and/or statutory interest and costs.

### Eighth Claim for Relief: Breach of Contract
### as to the Assignment Agreement by Defendant MIF

73.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 72 above as if fully set forth herein.

74.     The April 15, 2010 Assignment Agreement is a valid contract between Plaintiffs and Defendant MIF.

75.     Plaintiffs have performed their duties under the contract.

76.     Defendant MIF has failed to perform its obligations under the April 15, 2010 Assignment Agreement, by, inter alia, failing to assign the Additional Debentures with an

aggregate face value of $257,500 to Plaintiff LSV, as successor in interest to Plaintiff SIV, within 10 days of receiving a request to do so.

77.    Accordingly, Plaintiff LSV is entitled to recover damages from Defendant MIF for breach of contract in an amount not less than $257,500, plus contractual and/or statutory interest and costs.


WHEREFORE, Plaintiffs respectfully request judgment as follows:

A.    Awarding damages on the First Claim for Relief in an amount to be proven at trial but not less than $32,250, plus contractual interest, pre- and post-judgment interest and costs;

B.    Awarding damages on the Second Claim for Relief in an amount to be proven at trial but not less than $20,000, plus contractual interest, pre- and post-judgment interest and costs;

C.    Awarding damages on the Third Claim for Relief in an amount to be proven at trial but not less than $10,067, plus contractual interest, pre- and post-judgment interest and costs;

D.    Awarding damages on the Fourth Claim for Relief in an amount to be proven at trial but not less than $145,904.15, plus contractual interest, pre- and post-judgment interest and costs;

E.    Awarding damages on the Fifth Claim for Relief in an amount to be proven at trial but not less than $45,156.64, plus contractual interest, pre- and post-judgment interest and costs;

F.    Awarding damages on the Sixth Claim for Relief in an amount to be proven at trial but not less than $1,250, plus contractual interest, pre- and post-judgment interest and costs;

G.    Awarding damages on the Seventh Claim for Relief in an amount to be proven at trial but not less than $250,000, plus contractual interest, pre- and post-judgment interest and costs;

H.    Awarding damages on the Eighth Claim for Relief in an amount to be proven at trial but not less than $257,500, plus interest, pre- and post-judgment interest and costs;

I.    Such other and further relief as is just and reasonable under the circumstances.

Dated: New York, NY
      September 10, 2012

RESPECTFULLY SUBMITTED,

REED SMITH LLP

By:_____

David A. Kochman
Evan K. Farber
599 Lexington Avenue
New York, NY 10022
(212) 521-5400 (P)
(212) 521-5450 (F)
*Attorneys for Plaintiffs*
*Long Side Ventures, LLC*
*and Sunny Isles Ventures, LLC*